# UNITED STATES ARMY COURT OF CRIMINAL APPEALS

Before
TOZZI, CELTNIEKS, and BURTON
Appellate Military Judges

**UNITED STATES, Appellee**
**v.**
**Specialist MACK R. GOSS III**
**United States Army, Appellant**

ARMY 20150024

Headquarters, Fort Bliss
Michael J. Hargis, Military Judge (arraignment & post-trial hearing)
Timothy P. Hayes, Jr., Military Judge (pretrial motions hearing & trial)
Colonel Karen H. Carlisle, Staff Judge Advocate (pretrial)
Colonel Charles C. Poché, Staff Judge Advocate (post-trial)

For Appellant: Lieutenant Colonel Charles D. Lozano, JA; Captain Heather L. Tregle, JA; Captain Matthew D. Bernstein, JA (on brief).

For Appellee: Colonel Mark H. Sydenham, JA; Lieutenant Colonel A.G. Courie III, JA; Major Melissa Dasgupta Smith, JA; Captain Jennifer A. Donahue, JA (on brief).

16 February 2017

---------------------------------
SUMMARY DISPOSITION
---------------------------------

Per Curiam:

Pursuant to his pleas, a military judge sitting as a general court-martial convicted appellant of one specification of violating a lawful general order and one specification of wrongfully engaging in sexual behavior in violation of Articles 92 and 134, Uniform Code of Military Justice, 10 U.S.C. §§ 892, 934 (2012) [hereinafter UCMJ]. Contrary to his plea, a panel composed of officer and enlisted members sitting as a general court-martial convicted appellant of one specification of aggravated sexual contact in violation of Article 120, UCMJ. The panel sentenced appellant to a bad-conduct discharge, confinement for 179 days, forfeiture of all pay and allowances, and reduction to the grade of E-1.[*] The convening

---

[*] The panel recommended appellant's confinement be deferred "until after [his] father's funeral" and the forfeited pay and allowances "be directed to [his] dependents[.]"

authority approved the sentence as adjudged, approved 7 days of confinement credit, deferred the sentence to confinement for 14 days, deferred the adjudged forfeitures until action, and waived automatic forfeitures for 165 days.

This case is now before us pursuant to Article 66, UCMJ. Appellant raises four assigned errors, one of which requires discussion but no relief. We also find the matters raised personally by appellant pursuant to *United States v. Grostefon*, 12 M.J. 431 (C.M.A. 1982), have no merit.

## BACKGROUND

On 21 November 2013, on Bagram Airfield, Afghanistan, appellant wrongfully consumed alcohol in violation of a lawful general order. Afterwards, Sergeant (SGT) McFadden drove a Light Medium Tactical Vehicle (LMTV), with appellant and Corporal (CPL) PF as passengers, from the Morale, Welfare, and Recreation facility to the barracks. When they arrived at the barracks, SGT McFadden parked the LMTV. Appellant and SGT McFadden then engaged in various sexual acts with CPL PF. At trial, CPL PF testified the sexual acts with appellant and SGT McFadden were accomplished by unlawful force and without her consent.

On 14 January 2015, appellant was found guilty of and sentenced for, *inter alia*, aggravated sexual contact against CPL PF. The next day, appellant gave his defense counsel a print copy of an electronic message posted on Twitter that appeared to be from CPL PF. The Twitter message was posted on "5:05 PM – 14 Jan 2015" and read, "I lied and ruined a life today . . . Sorry but him or me LOL!!!!!"

On 21 January 2015, appellant's defense counsel moved the trial court for a mistrial based on the Twitter message. The government opposed the motion, challenging the authenticity of the Twitter message. In a judicial conference pursuant to Rule for Courts-Martial 802, the military judge instructed the trial and defense counsel to provide a list of witnesses that could establish or disprove the authenticity of the Twitter message.

Sometime later, the military judge scheduled an Article 39(a), UCMJ, post-trial hearing for 28 September 2015 to hear testimony from any available witnesses regarding the authenticity of the Twitter message. In a judicial conference three days before the hearing, the defense counsel requested a delay to allow time for a limited forensic examination of the electronic devices appellant purportedly used to view and print the Twitter message. The military judge denied the delay request, explaining he intended to hear testimony from the available witnesses before deciding whether to grant appellant additional time for discovery. At the hearing, however, defense counsel informed the military judge that appellant wanted to withdraw his motion for a mistrial. The military judge questioned appellant extensively about his understanding of the meaning and effect of withdrawing his

motion for a mistrial. The military judge also explained the potential benefits to appellant if his motion was granted. This explanation specifically referenced the positive effect of the Twitter message, if authenticated, as follows: "And I'm sure that your counsel explained to you that if that were true, if that [Twitter message] were true, [that] certainly would be a basis for either a mistrial or a new trial." After reiterating the purpose of the post-trial hearing was to hear available testimony before deciding whether to grant defense counsel's request for additional time for discovery, the military judge concluded by inquiring into the voluntariness of appellant's desire to withdraw his motion for a mistrial.

During the entire inquiry, appellant assured the military judge he understood the meaning and effect of withdrawing his motion for a mistrial. Appellant affirmed his decision was voluntary and made with full knowledge of the potential benefits he would lose. Accordingly, the military judge granted appellant's request to withdraw his motion for a mistrial.

On appeal, appellant asserts as one of his assigned errors that he received ineffective assistance from his defense counsel. Supporting this claim, appellant submitted a sworn affidavit maintaining CPL PF posted the Twitter message, but alleging:

> [he] was told the morning of the [post-trial hearing] the severity of [his wife's pregnancy] complications and that [he] needed to get back to South Carolina to be with her. [Appellant] told [his] defense counsel and no efforts were made to reschedule the [hearing]. It was [appellant's] understanding the military judge did not want to delay the [hearing] and [he] was forced to waive the [hearing] and motion for a mistrial to be home with [his] wife.

Appellant did not allege any other deficiencies in his defense counsel's performance. Upon order from this court, defense counsel submitted affidavits describing their requests to delay the post-trial hearing, which the military judge denied.

## LAW AND DISCUSSION

The Sixth Amendment guarantees an accused the right to the effective assistance of counsel. *United States v. Gooch*, 69 M.J. 353, 361 (C.A.A.F. 2011) (citing *United States v. Gilley*, 56 M.J. 113, 124 (C.A.A.F. 2001)). To establish that his counsel was ineffective, "an appellant must demonstrate both (1) that his counsel's performance was deficient, and (2) that this deficiency resulted in prejudice." *United States v. Green*, 68 M.J. 360, 361-62 (C.A.A.F. 2010) (citing *Strickland v. Washington*, 466 U.S. 668, 687 (1984)). We review both prongs of the *Strickland* test de novo. *United States v. Mazza,* 67 M.J. 470, 474 (C.A.A.F. 2009) (citing *United States v. Anderson,* 55 M.J. 198, 201 (C.A.A.F. 2001)).

"On appellate review, there is a 'strong presumption' that counsel was competent." *United States v. Grigoruk*, 56 M.J. 304, 306-07 (C.A.A.F. 2002) (quoting *Strickland*, 466 U.S. at 689). To overcome this presumption, an appellant "bears the burden of establishing the truth of the factual allegations that would provide the basis for finding deficient performance." *United States v. Tippit*, 65 M.J. 69, 76 (C.A.A.F. 2007) (citing *United States v. Polk*, 32 M.J. 150, 153 (C.M.A. 1991)).

As a threshold matter, because appellant and defense counsel filed conflicting affidavits, we look to whether additional factfinding is required at a post-trial evidentiary hearing. *See United States v. Ginn*, 47 M.J. 236, 248 (C.A.A.F. 1997) (establishing several factors which determine whether an evidentiary hearing is warranted). Under the first *Ginn* factor, no factfinding hearing is required if "the facts alleged in the affidavit allege an error that would not result in relief even if any factual dispute were resolved in appellant's favor[.]" *Id.* Under the fourth *Ginn* factor, no factfinding hearing is required "if the affidavit is factually adequate on its face but the appellate filings and the record as a whole 'compellingly demonstrate' the improbability of those facts[.]" *Id.*

Based upon our review of appellant's claim, defense counsel's affidavits, and the matters contained in the record, we can resolve this issue without ordering additional factfinding. Starting with the fourth *Ginn* factor, the record compellingly demonstrates the factual assertion in appellant's affidavit—that his defense counsel made "no efforts" to delay his hearing—is false. At the post-trial hearing, the military judge acknowledged the "[d]efense [counsel] requested a continuance" so appellant's electronic devices could be forensically examined. The military judge, however, denied the request because he "felt it was time to get on the record . . . as opposed to continuing to leave it to counsel to try to resolve and get all the evidence in one place." The military judge also explained to appellant he intended to reconsider the delay request after hearing from the available witnesses about the authenticity of the Twitter message. The record of the post-trial hearing leaves no doubt that appellant's defense counsel requested a delay in the proceedings.

Moreover, applying the first *Ginn* factor, we conclude the facts alleged in appellant's affidavit would not result in relief even if any factual dispute were resolved in his favor. *Id.* Even if we read the factual assertion in appellant's affidavit to mean his defense counsel made no efforts *during* the hearing to request a delay based on *alternative grounds* (i.e., his wife's medical condition), he still would not be entitled to relief. It is unlikely the military judge would have delayed the post-trial hearing if, as in this case, granting the delay would not have expedited appellant's return home. Based on the short notice of the medical issues, the earliest return travel the government could arrange for appellant was for two days *after* the scheduled hearing. Under these circumstances, it is doubtful the military judge would have delayed the hearing. Therefore, appellant has failed to prove deficient

performance on the part of his defense counsel and, even assuming deficient performance, has failed to demonstrate prejudice.

## CONCLUSION

Upon consideration of the entire record, the findings of guilty and the sentence as approved by the convening authority are AFFIRMED.

FOR THE COURT:

MALCOLM H. SQUIRES, JR.
Clerk of Court